Case 0:23-cr-60012-AHS   Document 1   Entered on FLSD Docket 01/23/2023   Page 1 of 11

FILED by \_\_\_\_ MM \_\_\_\_ D.C.

Jan 23, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **23-60012-CR-SINGHAL/DAMIAN**

18 U.S.C. § 1349
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

CHARLES ETIENNE,

        Defendant.

_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

**Requirements to Become a Registered Nurse or Licensed Practical Nurse**

1. State Boards of Nursing were established to protect the public's health by overseeing and assuring the safe practice of nursing. Boards of Nursing achieve this mission by establishing the standards for safe nursing care and issuing licenses authorizing the practice of nursing. Once a license was issued, the Boards of Nursing held licensees to provisions defined in state laws and, when necessary, acted against the licenses of those nurses who have exhibited unsafe nursing practice.

2. The purpose of a professional license was to protect the public from harm by setting minimal qualifications and competencies for safe entry-level practitioners. Nursing was regulated because it is one of the health professions that poses a risk of harm to the public if practiced by someone who is unprepared and/or incompetent.

3. Typical components of licensure to be a Registered Nurse (RN) or a Licensed Practical Nurse (LPN) included, among other things, verification of graduation from an approved pre-licensure nursing program, verification of successful completion of the National Council Licensure Examination (NCLEX), a criminal background check, and in some states—including New York—continuing education credits.

4. Once a nursing license was obtained in one jurisdiction, various state reciprocity agreements simplified the process to obtain a license and practice in another state.

**Defendant and Related Persons and Entities**

5. Sacred Heart International Institute, Inc. (Sacred Heart) was a corporation incorporated on or about May 9, 2006, under the laws of the State of Florida, with its principal address located at 3601 W. Commercial Blvd., Suite 16, Fort Lauderdale, Florida. According to Sacred Heart's website, it was licensed by the Florida Commission for Independent Education and the Florida Board of Nursing, and offered a Practical Nursing Program.

6. PowerfulU Healthcare Services LLC (PowerfulU) was a limited liability company incorporated under the laws of the State of Florida, located at 3601 W. Commercial Blvd., Suites 14 and 15, Fort Lauderdale, Florida. On its public Facebook page, PowerfulU advertised itself as a group of nurses and doctors wanting to empower men and women by helping them to become health care providers.

7. Docu-Flex & More LLC (Docu-Flex) was a limited liability company incorporated under the laws of the State of Florida and located at 3601 W. Commercial Blvd., Suites 14 and 15, Fort Lauderdale, Florida.

8. CEUfast, Inc., a company based in Lake City, Florida, was accredited as a provider of continuing nursing education by the American Nurses Credentialing Center's Commission on Accreditation. CEUfast, Inc.'s services were accessible via the internet at ceufast.com.

9. The New York State Education Department (NYSED) was the department of the New York state government responsible for all applications and licensure of medical professionals, including RNs and LPNs.

10. Defendant **CHARLES ETIENNE**, a resident of Palm Beach County, was the President of Sacred Heart.

11. Geralda Adrien, a resident of Broward County, was the President of PowerfulU and Manager of Docu-Flex.

12. Woosvelt Predestin, a resident of Broward County, was an employee of PowerfulU and Docu-Flex.

### Conspiracy to Commit Mail Fraud and Wire Fraud
### (18 U.S.C. § 1349)

From in or around November 2020, through in or around July 2021, in Broward and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendant,

**CHARLES ETIENNE,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with Geralda Adrien, Woosvelt Predestin, and others known and unknown to the United States Attorney, to commit offenses against the United States, that is:

a. to knowingly, and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations,

3

and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly cause to be mailed certain mail matter by the United States Postal Service, according to the directions thereon, in violation of Title 18, United States Code, Section 1341; and

b. to knowingly, and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## Purpose of the Conspiracy

13. It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things, selling fraudulent nursing diplomas, educational transcripts, and other credentials, and assisting the purchasers in fraudulently obtaining licensure and ultimately employment in the healthcare field.

## Manner and Means of the Conspiracy

The manner and means by which the defendant and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

14. **CHARLES ETIENNE**, Geralda Adrien, Woosvelt Predestin, and others sold approximately 588 false and fraudulent diplomas and educational transcripts which falsely represented that the purchasers of the documents had completed the necessary courses and/or

clinical training to obtain nursing degrees when in fact the purchasers had never completed the necessary courses and/or clinical training.

15. Geralda Adrien, Woosvelt Predestin, and others completed required online continuing education courses from CEUfast, Inc. on behalf of the purchasers and transmitted the ensuing certificates of completion to state accreditation agencies by means of wire communication in interstate and foreign commerce.

16. **CHARLES ETIENNE**, Geralda Adrien, Woosvelt Predestin, and others mailed and caused others to mail, by United States Postal Service, fake diplomas, transcripts, and other false and fraudulent documents to the purchasers and to state licensing agencies, including the NYSED, on behalf of the purchasers.

17. In furtherance of the conspiracy, Geralda Adrien, Woosvelt Predestin, and others caused the purchasers to transmit, by means of interstate wire communication, identification documents supporting their licensing applications, and to make electronic payments, by means of interstate wire communication, to **CHARLES ETIENNE**, Geralda Adrien, Woosvelt Predestin and others for providing the false and fraudulent diplomas and other licensing documents.

18. Using the false and fraudulent continuing education certifications, diplomas, transcripts, and other fraudulent documents, **CHARLES ETIENNE**, Geralda Adrien, Woosvelt Predestin, and others assisted the purchasers of the false and fraudulent documents to obtain fraudulent nursing licenses from state licensing agencies, and ultimately employment in the healthcare field.

19. **CHARLES ETIENNE**, Geralda Adrien, Woosvelt Predestin, and others used the proceeds of the fraud for their personal use and benefit, and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE
## (18 U.S.C. § 981(a)(1)(C))

1. The allegations contained in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **CHARLES ETIENNE**, has an interest.

2. Upon conviction of a conspiracy to commit a violation of Title 18, United States Code, Sections 1341 or 1343, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, a sum of money in an amount equal to the gross proceeds traceable to the commission of the violation alleged in this Information and which may be sought as a forfeiture money judgment.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

_____, SLC (Edward N. Stamm)
MARKENZY LAPOINTE
UNITED STATES ATTORNEY


_____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

CHARLES ETIENNE,

_____/
Defendant.

CASE NO.:

CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of New Counts _____

**Court Division** (select one)
- ☐ Miami
- ☐ Key West
- ☐ FTP
- ☑ FTL
- ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take _0_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☑ 0 to 5 days
   - II  ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Smith   Case No. 23-CR-60010-RS
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the   District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____
Christopher J. Clark
Assistant United States Attorney
FLA Bar No.   588040

**UNITED STATES v. CHARLES ETIENNE**

## CONTINUED CERTIFICATE OF TRIAL ATTORNEY

**RELATED PREVIOUSLY FILED DISTRICT COURT MATTERS:**

    1) Judge Dimitrouleas    Case No. 21-CR-60198

    2) Judge Smith            Case No. 23-CR-60010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** CHARLES ETIENNE

**Case No:** _____

Count #1:

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* Max. Term of Imprisonment: Twenty (20) Years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 Years
* Max. Fine: $250,000 or twice the gross or loss for the offense

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| Charles Etienne, | ) | |
| | ) | |
| _Defendant_ | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
_Defendant's signature_

_____
_Signature of defendant's attorney_

_____
_Printed name of defendant's attorney_

_____
_Judge's signature_

_____Hon. Alicia Valle, U.S. Magistrate Judge_____
_Judge's printed name and title_