UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60012-CR-SINGHAL

UNITED STATES OF AMERICA

v.

CHARLES ETIENNE,

           Defendant.
_____/

## PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida ("the United States") and **CHARLES ETIENNE** ("the defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the information in Case No. 23-60012-Cr-Singhal which count charges the defendant with conspiracy to commit health care fraud and wire fraud, in violation of Title 18, United States Code, Section 1349.

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court

is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely because of the sentence imposed.

3. As to Count 1 of the information, the defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to twenty years, to be followed by a three-year term of supervised release. In addition to a term of imprisonment, the court may impose a fine of up to $250,000 or a fine not more than the greater of twice the gross gain or twice the gross loss from the offense.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, Medicaid, and all Federal health care programs. Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect defendant's right to apply for and receive benefits as a

2

beneficiary under any Federal health care program, including Medicare and Medicaid.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

    a. <u>Base Offense Level</u>: That under Section 2B1.1 (a)(1) of the Sentencing Guidelines, the base offense level is 7;

    b. <u>Amount of Loss</u>: That under Section 2B1.1(b)(1)(F) of the Sentencing Guidelines, the aggregate actual loss or intended loss resulting from the defendant's conduct in the information is more than $150,000 and less than $250,000;

    c. <u>Role in the Offense</u>: That under Section 3B1.1, the defendant is eligible for neither an aggravating nor mitigating role adjustment; and

    d. <u>Acceptance of Responsibility</u>: That under Section 3E1.1 of the Sentencing Guidelines, the Sentencing Guideline level applicable to defendant's offense should be reduced by 3 levels based on the defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make this sentencing

recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official, including the United States Probation Office.

       8. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to:

    i. a forfeiture money judgment in the sum of $155,000.00 in U.S. currency, which sum represents the value of the property subject to forfeiture; and

    ii. directly forfeitable property, including, but not limited to: $112,950.00 in United States Currency voluntarily turned over to the Federal Bureau of Investigation by the defendant on or about December 14, 2021 (the "Currency").

       9. The defendant further agrees to remit $42,050.00 to the United States (the "Payment") within 90 days of the entry of this plea agreement or prior to sentencing, whichever is earlier. The defendant agrees to sign an affidavit under penalty of perjury attesting that the

Payment is derived from a legitimate source and agrees to attach proof of the source of funds to such affidavit prior to making the Payment. If the Payment is not remitted under the terms set forth in this paragraph, the Defendant consents to the forfeiture of any other property belonging to the Defendant up to the amount of $42,050.00.

10. If no third party defeats the United States' interest in the Currency and the Payment, the United States agrees that those sums shall applied in full satisfaction of the Defendant's $155,000.00 forfeiture money judgment.

11. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

12. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

13. In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the defendant agrees to the following:

    a. submit a financial statement to the Government upon request, within 14 calendar days from the request;

    b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

    c. provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

    d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

    e. notify, within 30 days, the Clerk of the Court for the Southern District of Florida and the Government of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of

a denial of a reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines.

14. The defendant understands and acknowledges that the Court must order restitution for the full amount of the victim(s)' losses pursuant to 18 U.S.C. §3663A. Defendant understands that the amount of restitution owed to each victim will be determined at or before sentencing unless the Court orders otherwise. This Office and the defendant stipulate and agree that the amount of restitution that the defendant shall pay is $155,000.

15. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his/her plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

16. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Date: 04/11/23    By: _____
                      CHRISTOPHER J. CLARK
                      ASSISTANT U.S. ATTORNEY

Date: 4/11/23     By: _____
                      TAMA BETH KUDMAN, ESQ.
                      ATTORNEY FOR DEFENDANT

Date: 4/11/23     By: _____
                      CHARLES ETIENNE
                      DEFENDANT